# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CENTEX HOMES, et al.,**<br><br>**Defendants.** | **1:14-cv-1450-LJO-GSA**<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 7)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a dispute between the parties regarding their rights and duties in an underlying action currently pending in Placer County Superior Court. *See* Doc. 1 at 4. On June 17, 2014, Plaintiff brought suit against Defendants in this Court based on the undisputed diversity of citizenship between the parties. *Id.* at 1.

Defendants Centex Homes and Centex Real Estate Corporation (collectively, "Centex") obtained commercial general liability insurance ("the policies") from Plaintiff. *Id.* at 3. In February 2014, homeowners brought suit against Centex in Placer County Superior Court for alleged construction defects in homes that Centex built ("the *Griggs* action"). *Id.* at 4. Centex tendered the *Griggs* action to Plaintiff pursuant to the policies. *Id.*

Plaintiff brought suit in this Court over disputes that arose between the parties regarding their respective rights and duties in handling Centex's defense in the *Griggs* action. Plaintiff alleges causes of action for (1) declaratory relief; (2) breach of contract; and (3) equitable reimbursement. *Id.* at 5-8.

Currently before the Court is Centex's motion to dismiss the complaint on the ground that (1) this Court does not have jurisdiction over the complaint; (2) Plaintiff's first and second causes of action

1

are not ripe; and (3) all three causes of action fail to state a claim for relief. Doc. 7. The Court has

reviewed the papers and has determined that the matter is suitable for decision without oral argument

pursuant to Local Rule 230(g).

## II. <u>STANDARD OF DECISION</u>

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-

matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the

existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.

1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary

affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242

(9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the

defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill*

*Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); see *Savage*, 343 F.3d at 1039-

40 & n. 2. A proper speaking motion allows the court to consider evidence outside the complaint

without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "Once

the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or

other evidence properly brought before the court, the party opposing the motion must furnish affidavits

or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343

F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the

plaintiff's allegations." *Safe Air*, 373 F.3d at 1039.

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the

allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a

2

cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

*Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss

for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes

the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the

pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*,

550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing]

to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true."

*Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations

respecting all the material elements necessary to sustain recovery under some viable legal theory."

*Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional

facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern*

*California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## III. <u>DISCUSSION</u>

This case is one of many between the parties currently pending in this Court and elsewhere. The

3

1   Court already has ruled on Centex's motions to dismiss in other cases between the parties that often are

2   identical to one another. *See, e.g.*, *Travelers Indem. Co. of Conn. v. Centex Homes*, No. 14-cv-217-LJO-

3   GSA, 2014 WL 2002320 (E.D. Cal. May 15, 2014); *Fidelity & Guar. Ins. Co. v. Centex Homes*, 1:14-

4   cv-826-LJO-GSA, 2014 WL 4075999 (E.D. Cal. Aug. 15, 2014). As in this case, Plaintiff[1] brought those

5   cases against Centex due to Centex's alleged refusal to allow Plaintiff to control Centex's defense in

6   underlying litigation. That allegation is the crux of Plaintiff's claims against Centex in all of Plaintiff's

7   cases against Centex, including this one.

8          As a threshold matter, Centex asserts that this Court lacks subject matter jurisdiction over the

9   complaint because the amount in controversy does not exceed $75,000.00. Doc. 7 at 25. This Court and

10  others have addressed this precise argument on multiple occasions and have uniformly rejected it. *See,

11  e.g.*, *Travelers Indem. Co. of Conn. v. Centex Homes*, No. 1:14-cv-217-LJO-GSA, 2014 WL 2002320, at

12  *3-5 (E.D. Cal. May 15, 2014); Doc. 22-1, *Travelers Indem. Co. of Conn. v. Centex Homes*, 14-cv-906

13  JGB (SPx) (C.D. Cal. Oct. 2, 2014), at 5-7. This Court has subject matter jurisdiction over the

14  complaint. Accordingly, the Court DENIES Centex's motion to dismiss the entire complaint for lack of

15  subject matter jurisdiction.

16         Plaintiff likewise alleges in this case that Centex refused to permit Plaintiff to appoint its counsel

17  of choice in the *Griggs* case. Doc. 1 at ¶¶ 13-14. Here, however, Centex moves to dismiss Plaintiff's

18  first (declaratory judgment) and second (breach of contract) causes of action on the ground those claims

19  are not ripe[2] because Centex in fact allowed Plaintiff to appoint counsel of its choosing to defend Centex

20  in the *Griggs* case. *See* Doc. 7 at 14. Centex further argues that Plaintiff's first and second claims are not

21  ripe because Plaintiff filed its complaint before Centex sent Plaintiff a reservation of rights in which it

---

23  [1] The plaintiffs in those cases are various affiliates of Plaintiff, are represented by the same counsel, and have made identical allegations against Centex. For clarity, the Court will refer to them as one plaintiff.

24  [2] Centex relies on Fed. R. Civ. P. 12(b)(6) as authority for its motion to dismiss Plaintiff' first and second claims as unripe,
25  and does not cite to Fed. R. Civ. P. 12(b)(1). Centex's motion nonetheless provides Plaintiff with sufficient notice that Centex challenges this Court's subject matter jurisdiction. Accordingly, the Court will construe Centex's motion to dismiss Plaintiff's first and second claims as unripe as a challenge to this Court's subject-matter jurisdiction brought under Fed. R.
26  Civ. P. 12(b)(1).

1   agreed to allow Plaintiff to appoint its counsel of choice in defending the *Griggs* case.[3] *Id.* Centex

2   moves to dismiss Plaintiff's third cause of action (equitable reimbursement) on the ground Plaintiff fails

3   to allege that Plaintiff agreed to defend Centex immediately after Centex tendered the *Griggs* action to

4   Plaintiff and that they defended the *Griggs* action in its entirety. *Id.* at 22.

5        The Court already has ruled on the exact issues presented in Centex's motion to dismiss. *See*

6   *generally Fidelity*, 2014 WL 4075999. In *Fidelity*, this Court dismissed Plaintiff's declaratory relief and

7   breach of contract claims on the ground they were unripe because Plaintiff filed its complaint before

8   Centex sent Plaintiff its reservation of rights in which it agreed to allow Plaintiff to appoint its counsel

9   of choice to defend Centex in underlying litigation. *See id.* at *3-4. Although squarely on point here,

10  Plaintiff does not address *Fidelity* in its opposition. *See* Doc. 17.

11       Further, another court recently presented with "virtually identical allegations" explicitly relied on

12  *Fidelity* in dismissing as unripe Plaintiff's causes of action for declaratory relief and breach of contract.

13  *See St. Paul Fire & Marine Ins. Co. v. Centex Homes*, 14-cv-1216 AB (JCx) (C.D. Cal. Oct. 7, 2014),

14  Doc. 28 at 5-6 ("Central District case").[4] The court, "agree[ing] with the reasoning in *Fidelity*," found

15  that Plaintiff's complaint was not ripe because it was filed before Centex had sent Plaintiff its

16  reservation of rights in which it agreed to let Plaintiff choose counsel to defend the underlying lawsuit

17  against Centex. *Id.* at 6. The court noted that Plaintiff did "not address Centex's contention that the first

18  and second causes of action are unripe" in its opposition. *Id.*

19       The Court finds that Plaintiff's first and second claims were not ripe at the time the complaint

20  was filed. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss

21  Plaintiff's first and second causes of action for lack of subject matter jurisdiction.

---

[3] Centex provides documentation that corroborates these claims, *see* Doc. 7-1, Ex. B, at 1-4, which the Court may consider in assessing whether it has subject matter jurisdiction over Plaintiff's claims. *See Nicholson v. Cnty. of Stanislaus*, No. CV F 09–1941 AWI–SMS, 2010 WL 923729, at *2 (E.D. Cal. Mar.12, 2010) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

[4] Centex filed a copy of the Central District case on October 8, 2014. *See* Doc. 22-1, Ex. B.

The court in the Central District case also dismissed Plaintiff's third and final cause of action for equitable reimbursement for the same reasons that this Court has done so on multiple occasions. *See* Central District case at 7-9; *see, e.g.*, *Fidelity*, 2014 WL 4075999, at *4; *Travelers Indem. Co. of Conn. v. Centex Homes*, No. 1:14-cv-217-LJO-GSA, 2014 WL 3778269, at *3-5 (E.D. Cal. July 30, 2014), *amended on reconsideration*, 2014 WL 4081861 (E.D. Cal. Aug. 19, 2014). Namely, Plaintiff failed to allege facts showing that it immediately agreed to defend Centex in the underlying lawsuit or that it did so entirely. *See* Central District case at 7-9.

Plaintiff likewise fails to do so here. *See Travelers*, 2014 WL 3778269, at *4. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiff's third cause of action.

## IV. <u>CONCLUSION AND ORDER</u>

For the reasons more fully discussed in *Fidelity* and the Central District case, the Court GRANTS Centex's motion to dismiss Plaintiff's first and second causes of action WITH LEAVE TO AMEND only if and when those claims become ripe. The Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiff's third cause of action. Centex's motion to dismiss is DENIED in all other respects. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.[5] Plaintiff shall file any further amended complaint on or before October 31, 2014.

IT IS SO ORDERED.

Dated:   **October 9, 2014**           **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

---

[5] In granting Plaintiff leave to amend in the Central District case, the court admonished Plaintiff that any further amended complaint "must allege sufficient *facts* to 'allow[] the court to draw the reasonable inference' that [Plaintiff] suffered contract damages (as opposed to mere prejudice)." Central District case at 9. The court also "caution[ed] [Plaintiff] that any amendment to the third cause of action [for equitable reimbursement] must include an allegation (made in good faith) that the [underlying litigation] has either terminated, or that [Plaintiff's] duty to defend has otherwise discharged." *Id.* The Court instructs Plaintiff to do the same in any further amendment in this case.