UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTEX HOMES, et al., <br><br> Defendants. | 1:14-cv-1450-LJO-GSA <br><br> **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (Doc. 44)** |

## I. INTRODUCTION

Currently before the Court is Defendants'[1] motion to dismiss under Fed. R. Civ. P. 12(b)(1) certain of Plaintiffs'[2] claims contained in its First Amended Complaint, Doc. 24 ("the FAC"), on the ground this Court lacks jurisdiction over them. Doc. 44 at 3. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g); Doc. 51. For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs issued Defendants various insurance policies ("the policies"). *See* FAC at 3-6. At issue here is the so-called "Duracite Policy." *See* Doc. 44 at 3.

In February 2014, various homeowners filed a lawsuit against Defendants ("the *Griggs* action"). FAC at ¶ 17. In May 2014, Defendants tendered the *Griggs* action to Plaintiffs pursuant to the policies. *Id.* at ¶ 18. In June 2014, while Plaintiffs were "completing [their] investigation of the tender,"

---

[1] Defendants are Centex Homes and Centex Real Estate Corporation (collectively, "Defendants").

[2] Plaintiffs are Travelers Property Casualty Company of America, St. Paul Mercury Insurance Company, and Fidelity & Guaranty Insurance Underwriters, Inc. ("FGIU") (collectively, "Plaintiffs"). Although Plaintiffs are separate (but related) entities, the parties essentially refer to them interchangeably. For clarity, the Court will refer to them as "Plaintiffs" unless otherwise indicated.

1

Defendants "withdrew [their] tender under the Duracite Policy, but claim[ed] that [they] 'reserved [the] right to pursue [additional insured] from your insured, Duracite." *Id.* at ¶ 23; *see also* Doc. 30-3 at 2 (correspondence from Defendants confirming Plaintiffs' allegation).

Due to disputes between the parties concerning their respective rights and duties associated with the *Griggs* action under the policies, Plaintiffs brought this case. *See generally* FAC at ¶¶ 26-29. Plaintiffs assert one cause of action for declaratory relief[3] in which Plaintiffs allege, among other things

> that FGIU has no duty to defend [Defendants] under the Duracite Policy based on [Defendants'] withdrawal of tender . . . that FGIU has no obligation under the Duracite Policy to pay any defense fees and costs incurred on behalf of [Defendants] after the date of [their] withdrawal of [their] tender in relation to the [*Griggs* action] . . . [and] that any future duty to defend . . . under the Duracite Policy related to the [*Griggs* action] can only be triggered by a subsequent tender.

*Id.* at ¶ 12. Plaintiffs seek a declaration from this court affirming these contentions. *See id.* at ¶ 13.

Defendants move to dismiss Plaintiffs' claims concerning the Duracite Policy on the ground they are non-justiciable (*i.e.*, moot or unripe). Doc. 44 at 6. Defendants contend "that an insurer may not sue its insured in federal court after the insured withdraws its tender, even if that insured did not 'foreclos[e] the possibility of reasserting the claim in the future.'" *Id.* (quoting *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*, No. 11-cv-336-LAB-WVG, 2013 WL 3205345, at *1 (S.D. Cal. June 24, 2013) (citing *State Farm Mut. Auto. Ins. v. Ormstron*, 550 F.Supp. 103 (E.D. Pa. 1982); *Unigard Ins. Co. v. Cont'l Warehouse*, No. C–00–4279 WHO, 2001 WL 432396 (N.D. Cal.2001)). Defendants assert that because they are "no longer actively pursuing covered from [Plaintiffs] under the Duracite Policy, there is no live case or controversy, and [Plaintiffs'] declaratory relief claims regarding the Duracite Policy are both moot and unripe." *Id.* at 8.

Plaintiffs argue that their claims against Defendants concerning the Duracite Policy are ripe "because there is an obvious and current controversy between [Plaintiffs] and [Defendants] as to the effect of [Defendants'] withdrawal of its tender under the Duracite Policy." Doc. 48 at 4. In support, Plaintiffs cite to *Hurvitz v. St. Paul*, 109 Cal. App. 4th 918 (2003) and Doc. 49, *Travelers Prop. Cas. Co.*

---

[3] The FAC contains three causes of action; however, Plaintiff voluntarily dismissed all of its claims except its first cause of action for declaratory relief. *See* Doc. 42.

2

*of Am. v. KB Home Coastal, Inc.*, No. 12-cv-2473 DSF (JCx) (C.D. Cal. July 3, 2012).

### III. <u>STANDARD OF DECISION</u>

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see Savage*, 343 F.3d at 1039-40 & n. 2. A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion." *Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (citing *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007)).

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. "No presumptive truthfulness

attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

## IV. DISCUSSION

As the court explained in *Unigard*, "a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." 2001 WL 432396, at *2 (quoting *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996)) (citation omitted). Thus, The cases on which Defendants rely—*Ormstrom*, 550 F. Supp. 103, *Unigard*, 2001 WL 432396, and *Pacifica Amber*, 2013 WL 3205345—uniformly stand for the proposition that there is no case or controversy, and thus no Article III jurisdiction, where an insured is "not, at the time, seeking any contribution or coverage from the insurer." *Pacifica Amber*, 2013 WL 3205345, at *2.

Plaintiffs allege that Defendants withdrew its tender under the Duracite Policy in June 2014. FAC at ¶ 23. Plaintiffs do not allege that Defendants currently are seeking any coverage or claims under the Duracite Policy, and there is no indication that Defendants intend to do so in the future. Unless and until they do so, there is no case or controversy between the parties. Accordingly, the Court finds that Plaintiffs' claims concerning the Duracite Policy are not ripe, and this Court is without jurisdiction over them. *See id.* at *2-3; *see also Unigard*, 2001 WL 432396, at *3 ("There is no dispute between [the parties] unless and until [the insured] resubmits a claim on the [insurance] policy. This may never occur.").[4] The Court therefore GRANTS Defendants' motion to dismiss.

---

[4] Plaintiffs' reliance on *Hurvitz* is misplaced. Because *Hurvitz* is a decision from a California Court of Appeal, it necessarily is silent on the issue of a federal court's Article III jurisdiction. Further, that case is factually distinguishable in that it concerned the plaintiff's attempt to sue her insurer for bad faith breach of contract while simultaneously withdrawing her tender of a claim to the insurer. *See Hurtvitz*, 109 Cal. App. 4th at 937. *KB Home Coastal* appears to support Plaintiffs' position that Plaintiffs' claims concerning the Duracite Policy are ripe. *See* Doc. 49 at 6-7 ("Defendants also argue that Travelers' case is partially moot because Defendants withdrew their coverage tender for three of the underlying suits. This part of the case is not moot. Contrary to Defendants' suggestion, it is not implausible that they will at some point in the future resume seeking coverage for these suits from Travelers or, perhaps more likely, that another carrier will pursue Travelers for coverage."). But the court in *KB Home Coastal* provided no authority for its position and only limited analysis. To the extent *KB Home Coastal* stands for the proposition that an insurer's claims against its insured are ripe even when the insured withdraws its claims for coverage or contribution, and those withdrawn claims provide the basis for the insurer's claims, the Court disagrees (as does every other court to consider the issue of which the Court is aware, aside from the court in *KB Homes Coastal*).

4

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Doc. 44). Plaintiffs' claims against Defendants in the FAC concerning the Duracite Policy are DISMISSED WITHOUT PREJUDICE unless and until they become ripe.

IT IS SO ORDERED.

Dated:   **March 4, 2015**              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE